UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

United States of America,

  Plaintiff,

vs.

Six Thousand Two Hundred Sixty-Two Dollars ($6,262.00) in U.S Currency; and Five Hundred Seventy-Four Thousand Nine Hundred Twenty-Five Dollars ($574,925.00) in U.S Currency,

  Defendants *in Rem*.
_____/

Civil No.
Honorable

## COMPLAINT FOR FORFEITURE

Plaintiff, the United States of America, by and through Dawn N. Ison, United States Attorney for the Eastern District of Michigan, and Kenton C. Welkener, Assistant United States Attorney, states the following in support of this Complaint for Forfeiture:

## JURISDICTION AND VENUE

1. This is an *in rem* civil forfeiture action under 21 U.S.C. § 881(a)(6).

1

2. This Court has original jurisdiction over this forfeiture action under 28 U.S.C. § 1345 as this action is being commenced by the United States of America as Plaintiff.

3. This Court has jurisdiction over this forfeiture action under 28 U.S.C. § 1355(b)(1)(A) and (B) because the acts giving rise to the forfeiture occurred in the Eastern District of Michigan and because the property was found in this district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events or omissions giving rise to the Government's claims occurred in the Eastern District of Michigan.

5. Venue is also proper before this Court pursuant to 28 U.S.C. § 1395(b) as the Defendants *in rem* were found and seized in the Eastern District of Michigan.

## DEFENDANTS *IN REM*

6. The Defendants *in rem* consist of Six Thousand Two Hundred Sixty-Two Dollars ($6,262.00) in U.S Currency; and Five Hundred Seventy-Four Thousand Nine Hundred Twenty-Five Dollars

($574,925.00) in U.S Currency, seized by members of the Drug Enforcement Administration. The Defendants in *rem* are currently in the custody of the United States Marshall Service.

## STATUTORY BASIS FOR FORFEITURE

7.  Title 21 United States Code, Section 881, governs the civil forfeiture of property which constitutes or is derived from the proceeds of narcotics crimes, or which was used to facilitate crimes:

> The following shall be subject to forfeiture to the United States and no property right shall exist in them. . . .[a]ll monies, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all monies, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter.

21 U.S.C. § 881 (a)(6).

## FACTUAL BASIS FOR CIVIL FORFEITURE

8.  The Defendants in rem are forfeitable to the United States of America as property which was furnished, or was intended to be furnished, in exchange for a controlled substance; as proceeds traceable

3

to such an exchange; and/or as monies which were used or were intended to be used to facilitate a violation of Title 21 of the United States Code and are, therefore, subject to seizure and civil forfeiture pursuant to 21 U.S.C. § 881(a)(6).

9. Both of the Defendant in *rem* were seized from a judge-authorized search at home on a street called Parkside in Detroit, Michigan.

10. Government investigation established that the house was used to facilitate extensive drug-trafficking.

11. Agents found the $6,262 in a suitcase in the 2nd master bedroom underneath a dresser.

12. Agents found the $574,925 in a suitcase in the 3rd floor attic area.

13. On site, Darrell Hawkins and Nicole Boykin refused to sign evidence bags containing the $574,925, as owners. Later, however, Darrell Hawkins asserted a detail-free administrative claim to the money.

14. Agents also recovered extensive drugs from the house: a

4

white-colored brick testing positive for fentanyl, a Cream/gray colored brick shaped substance testing positive for fentanyl, together totaling over 1200 grams of fentanyl, among other evidence of extensive drug dealing, including multiple firearms and cell phones.

## Claim for Relief

15. Plaintiff re-alleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 14.

16.  The defendant currency is forfeitable to the United States of America pursuant to 21 U.S.C. § 881(a)(6) because it is property which was furnished or was intended to be furnished in exchange for a controlled substance in violation of Title 21 of the United States Code, and/or because it constitutes proceeds traceable to such an exchange, and/or because it represents moneys used or intended to be used to facilitate a violation of Title 21 of the United States Code.

## Conclusion and Relief

Plaintiff respectfully requests that this Court issue a warrant for arrest of the Defendants *in rem*; that due notice be given to all

interested parties to appear and show cause why forfeiture should not be decreed; that judgment be entered declaring the Defendants *in rem* condemned and forfeited to the United States for disposition according to law; and, that the United States be granted such further relief as this Court may deem just and proper, together with costs and disbursements of this action.

Respectfully submitted,

Dawn N. Ison
United States Attorney

                                   *s/Kenton C. Welkener*
                                   KENTON C. WELKENER
                                   Assistant United States Attorney
                                   211 W. Fort Street, Suite 2001
                                   Detroit, MI 48226
                                   (313) 226-0248
                                   Email: Kenton.welkener@usdoj.gov
                                   (DC1033585)

Dated: April 6, 2023

# VERIFICATION

I, Brent Halbert, am a Special Agent with the Drug Enforcement Administration. I have read the foregoing Complaint for Forfeiture and declare under penalty of perjury that the facts contained therein are true to the best of my knowledge and belief, based upon knowledge possessed by me and/or on information received from other law enforcement agents and/or officers.

_____
Special Agent Brent Halbert
Drug Enforcement Administration

Dated: April 6, 2023