UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 23-10785 |
| Plaintiff, | F. Kay Behm |
| v. | United States District Judge |
| CURRENCY SIX THOUSAND TWO HUNDRED SIXTY-TWO DOLLARS ($6,262.00), *et al.*, | |
| Defendants. | |
| _____ / | |

**OPINION AND ORDER DENYING MOTION
TO STRIKE VERIFIED CLAIMS (ECF No. 12)**

**I.   PROCEDURAL HISTORY**

The government filed an action for forfeiture of currency on April 6, 2023 against two Defendants *in rem*, U.S. Currency in the amounts of $6,262.00 and $574,925.00, which were seized by the Drug Enforcement Administration (DEA). (ECF No. 1).  The complaint was served on Darrell Hawkins and Nicole Boykins, along with their attorney, John Minock, on April 12, 2023 via first class mail.  (ECF No. 5).  Hawkins filed his verified claim on May 20, 2023 and Boykins filed her verified claim on May 22, 2023.  (ECF Nos. 6, 9).  Hawkins and Boykins filed their answer to the complaint on June 8, 2023.  (ECF No. 10).  On August 2, 2023, Plaintiff filed a motion to strike the verified claims, arguing that both claims were

1

untimely under Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, which gives claimants 35 days from the date that the government sent notice of the action to file a claim; here that deadline was May 17, 2023.  Supp. R. G(4)(b)(ii)(B); Supp. R. G(5).

It is undisputed that neither claimant filed their claim within 35 days of the notice being sent.  In response, however, claimants' counsel explains that he, in error, but in good faith, computed the 35-day deadline from the date that he received the notice (April 17, 2023), not the date the notice was sent and thus, calculated a deadline of May 22, 2023.  (ECF No. 14, ¶ 10).  Claimants signed their claim on May 17, 2023 and counsel attempted to file them that day but was unable to do so via the court's ECF system.  *Id*. at ¶¶ 11-12.  The following day, counsel contacted court staff regarding how to file the claims and was given instructions on May 19, 2023.  *Id*. at ¶ 13.  Counsel was able to file the verified claim for Hawkins on May 20, 2023 and attempted to file Boykins claim on that same date, but the court's system would not allow him to file a second claim.  *Id*. at ¶ 15.  After multiple attempts, counsel was finally able to do so on May 22, 2023.  *Id*.

II.     DISCUSSION

The applicable procedural rules for this forfeiture action can be found in Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset

Forfeiture Actions. Pursuant to Rule G, the government must publish notice of a forfeiture action such as this within a reasonable time after filing the complaint. Supp. R. G(4)(a). Rule G also provides that the government must send notice of the action and a copy of the complaint "to any person who reasonably appears to be a potential claimant on the facts known to the government...." Supp. R. G(4)(b). Pursuant to Rule G(4)(b), the notice is required to provide that claimants must file a verified claim within 35 days of the date of the notice was sent. The notice must also provide that the claimants must file an answer or Rule 12 motion within 21 days of filing the claim. *Id*.

As the Sixth Circuit explained in *United States v. $22,050.00 in U.S. Currency*, 595 F.3d 318 (6th Cir. 2010), there is case law discussing motions to strike claims under Supplemental Rule G that "favor strict adherence to the rules and generally do not excuse even technical non-compliance with the rules." *Id*. at 322 (citing *United States v. Thirty-Five Firearms*, 123 F. App'x 204, 206 (6th Cir. 2005) (stating that in an *in rem* forfeiture proceeding "a claimant is held to 'strict compliance with the provisions of C(6).'") (quoting *United States v. One Assortment of Eighty-Nine Firearms*, 846 F.2d 24, 26 (6th Cir. 1988)). The Sixth Circuit observed, however, that there was "no firmly established 'test' under the Supplemental Rule G case law to determine whether to excuse noncompliance generally, and untimeliness specifically." *Id*. at 323. The court went on to hold

3

that that in civil forfeiture cases, "where the question is whether to excuse a known claimant's failure to file a verified claim and answer in the allotted time, district courts should analyze the case using the generally applicable Federal Rules" rather than under the requirement of "strict compliance" with the forfeiture rules. *Id*. Accordingly, the government's argument regarding "strict compliance" is not applicable here.

Instead, Rule G provides that "*absent good cause to the contrary*, a potential claimant who received direct notice must file his claim before the deadline established in the notice provided." *United States v. $77,090.00 United States Currency Tompkins*, 2017 WL 413799, at *3 (M.D. Tenn. Jan. 31, 2017) (citing Supp. R. G(5)(a)(ii) (emphasis added)); *see also United States v. Starling*, 76 F.4th 92, 100 (2d Cir. 2023) ("The text of Supplemental Rule G suggests that good cause is the appropriate standard."). Claimants point to the three part good cause test for setting aside a default: whether the government would be prejudiced, whether the claimant has a meritorious defense, and whether the culpable conduct of the claimant led to the default. (ECF No. 14, PageID.53, citing *United States v. 22,050.00*, 595 F.3d at 324). Here, however, no default has been entered and thus, this three part test is not applicable.

Instead, the court finds the good cause test for extensions under Rule 16 aligns more with Rule G's good cause language, which does not suggest that a

4

party must establish a meritorious defense for the court to extend the verified claim deadline, absent entry of default. In determining whether the plaintiff has shown good cause under Rule 16(b) to extend a deadline, the court considers whether: 1) the plaintiff has exhibited diligence in trying to meet the deadline; and 2) the defendant is prejudiced by amendment. *McNichols v. Lyons*, 2023 WL 5154525, at *2 (W.D. Ky. Aug. 10, 2023) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).[1] Prejudice to the non-moving party is a relevant consideration, "but the main focus should remain on the moving party's exercise of diligence." *Cooke v. AT&T Corp.*, 2007 WL 188568, at *2 (S.D. Ohio Jan. 22, 2007) (citing *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005)).

---

[1] In *United States v. $21,495 in United States Currency*, 2022 WL 1553523, *1-2 (E.D. Ky. May 17, 2022), in evaluating a motion to extend the time to file a verified claim after the deadline expired, the court applied the standard from Fed. R. Civ. P. 6(b)(1)(B), which requires a showing of both "good cause" and "excusable neglect." However, Rule 6(b)(1)(B) applies only where a motion to extend time is filed, which is not the procedural posture of present circumstances. *Fed. Home Loan Mortg. Corp. v. Gilbert*, 2015 WL 10818658, at *7 (W.D. Tenn. June 10, 2015), aff'd, 656 F. App'x 45 (6th Cir. 2016) ("Federal Rule of Civil Procedure 6(b)(1)(B) requires a party to file a motion to consider a late filing."). In *$21,495 in United States Currency*, the court found both good cause and excusable neglect where, once counsel discovered that she had calendared the deadline incorrectly, she diligently attempted to file the verified claim and the motion to extend time, the government was not prejudiced by the late claim, and there was no evidence that counsel acted in bad faith. *$21,495 in United States Currency*, at *2. And even though the delay was not beyond counsel's control, the factors still weighed in favor of the extension and the court's preference for deciding cases on the merits. *Id*. In the instant case, if the court were required to also apply the excusable neglect standard, it would still reach the same conclusion that the motion to strike must be denied.

Here, counsel calendared the deadline incorrectly, but acted in good faith and demonstrated diligence in his attempts to meet the incorrectly calendared deadline, which resulted in the verified claims being filed only three and five days late, respectively.  Moreover, absent the challenges presented by the court's ECF system, the claims would have been timely filed on May 17, 2023.  The court finds that the government has not suffered any prejudice by the very slight delay in the filing of the verified claims nor has it identified any prejudice.  Given counsel's demonstrated diligence in filing the claims, the slight delay, and the lack of prejudice to the government, the court finds good cause to extend the deadline for filing of the verified claims under Rule G.  Accordingly, the motion to strike is **DENIED**.

### III.    CONCLUSION

For the reasons set forth above, the court **DENIES** the motion to strike the claims.

**SO ORDERED**.

Date: March 6, 2024                               s/F. Kay Behm
                                                  F. Kay Behm
                                                  United States District Judge